UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JAMES YATES and HANNAH YATES, )
)
      Plaintiffs, )
)
v. ) Case No. 1:18-cv-00227-SNLJ
)
STATE FARM FIRE & CASUALTY CO.)
)
      Defendant. )

## MEMORANDUM AND ORDER

This is a suit on an insurance policy that comes before the Court on plaintiffs' motion to "overrule objections and compel complete answers" to two of their requests for admissions and "accompanying interrogatories." (ECF 34). Along with defendant's objections, they read:

> [REQUEST FOR ADMISSION] 3. Admit that Defendant has not sent a denial letter, as defined by Missouri statute and relevant CSR to Plaintiffs as of August 13, 2019.
>
> RESPONSE: Admit that no denial letter was sent, but object to references to Missouri statutes and Code of State Regulations insofar as they are irrelevant. Reference to those make the request compound. This requires Defendant to admit that a denial letter for unspecified regulations and statutes has any application in this case.
>
> [REQUEST FOR ADMISSION] 4. Admit that between December 12, 2018 to present that Defendant never sent a letter to Plaintiffs advising them of the additional time needed for investigation or reasons therefor as defined by Missouri statute and relevant CSR.
>
> RESPONSE: Objection is made to this Request for Admissions insofar as it is irrelevant. §375.930.2 R.S.Mo. (2010) states that the applicable statute has been passed to regulate trade practices and is not intended to create or imply any private cause of action for violations of its provision. *See also*

1

*Tufts v. Madesco Investment Corporation*, 524 F.Supp. 484 (E.D. Mo. 1981).

[INTERROGATORY] 1. If you did not admit Plaintiffs['] request for admission dated August 13, 2019, Number 3, [i]dentify the document and specific language thereof containing such request.

ANSWER: Objection is made to this Interrogatory on the same grounds as set forth in Response to Request for Admissions Number 3.

[INTERROGATORY] 2. If you did not admit Plaintiffs['] request for admission dated August 13, 2019, Number 4, [i]dentify the document and specific language thereof containing such request.

ANSWER: Objection is made to this Interrogatory on the same grounds as set forth in the Objection to Plaintiffs['] Fourth Request for Admissions.

Both requests for admission vaguely refer to "Missouri statute and relevant CSR." The only claim expressly invoking a Missouri statute is Count IV of plaintiffs' first amended complaint. That claim, a statutory action under 375.420, asserts a vexatious refusal to pay claim against the insurer. By focusing their requests for admission on claims-handling-related issues—that is, the lack of denial letters and investigatory letters in this case—defendant says plaintiffs "seek to change the nature of the case," converting it into a "claims practices" action under Missouri's Unfair Claims Settlement Practices Act ("UCSPA"), §§ 375.1000 – 375.1018 RSMo. Defendant goes on to say "there is no private right of action" under the UCSPA, thereby rendering irrelevant plaintiffs' requests.

To defendant's credit, the so-called "relevant CSR" plaintiffs point to, 20 C.S.R. 100-1.050, expressly "effectuates or aids in the interpretation" of the UCSPA—not Section 375.420—by describing the appropriate "standards for prompt, fair, and equitable

2

settlement of claims." Nonetheless, this Court disagrees with defendant that plaintiffs somehow converted their claim or otherwise sought irrelevant information in their requests. In the context of a vexatious refusal-to-pay claim, there are a number of reasons why plaintiffs might seek a factual acknowledgment that defendant did not send certain claims-related correspondence. *See, e.g.*, *Tauvar v. American Fam. Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. App. W.D. 2008) ("The jury may consider a number of circumstances in determining whether an insurer's refusal to pay was vexatious, including the insurer's explanation of why it refused the claim and the nature of the insurer's investigation of the claim."). Whether such information ultimately helps plaintiffs at trial is a question for another day. But, for purposes here, this Courts finds plaintiffs are entitled to seek factual confirmation under Rule 36 as to the correspondence that was, or was not, sent to them as part of defendant's claims-handling process. *See* FED. R. CIV. P. 36(a)(1) (stating party may seek "the truth of any matter within the scope of Rule 26((b)(1)"); FED. R. CIV. P. 26(b)(1) (a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' "motion to determine the sufficiency of answers/objections to requests for admission and to overrule objections to interrogatories" (ECF 34) is **GRANTED**. Defendant's objections are overruled, and defendant is hereby directed to respond to plaintiffs' requests for admission and interrogatories in accordance with this Order within seven (7) days.

So ordered this 31st day of October 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE